**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4040**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

IRA JAMES HENDERSON,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:12-cr-00038-BO-1)

Submitted:  September 27, 2013          Decided:  October 8, 2013

Before KING, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven H. Jesser, STEVEN H. JESSER, ATTORNEY AT LAW, P.C., Skokie, Illinois, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ira James Henderson appeals the 180-month armed career criminal sentence imposed by the district court following his guilty plea to possession of a firearm after conviction of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. §§ 922(g)(9), 924(a)(2) (2006), and possession of a firearm with obliterated serial number, in violation of 18 U.S.C. §§ 922(k), 924(a)(1)(B) (2006). On appeal, Henderson contends that the district court erred in sentencing him as an armed career criminal. Finding no error, we affirm.

Henderson contends that the district court erred in counting as a predicate offense for armed career criminal purposes his District of Columbia robbery conviction, for which he received a ten-year sentence of imprisonment under the Federal Youth Corrections Act ("FYCA"), because he was sentenced as a juvenile, not an adult, and the Government did not prove he carried a weapon during the crime.[*] Pursuant to the Armed Career Criminal Act, a person convicted under § 922(g)(1) who has sustained three or more prior convictions for violent felonies or serious drug offenses "shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). A violent felony

---

[*] Henderson does not dispute that he committed the crime or that a District of Columbia robbery conviction would qualify as a violent felony if committed by an adult.

2

is any crime punishable by more than one year of imprisonment, or "any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult," that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). "What constitutes a conviction of [a crime punishable by more than one year of imprisonment] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(20) (2006). "Thus, if the state prosecutes an individual as an adult, . . . the first part of the 'violent felony' definition applies; if the state prosecutes as a juvenile, then the second part applies." United States v. Lender, 985 F.2d 151, 156 (4th Cir. 1993).

"The general rule in [the District of Columbia] is that a person accused of committing a delinquent act before his or her eighteenth birthday — which act would be criminal if committed by an adult — is accorded non-criminal treatment in the Family Division of the Superior Court." Logan v. United States, 483 A.2d 664, 667 (D.C. 1984); see D.C. Code § 11-1101(a)(13) (2001); D.C. Code § 16-2301(3) (2001). We conclude that there was sufficient evidence in the record from which the district court could conclude that the District of Columbia

3

prosecuted Henderson as an adult, not as a juvenile. We also conclude that the mere fact that Henderson was sentenced for the crime under the FYCA does not demonstrate that he was treated as a juvenile. See Dorszynski v. United States, 418 U.S. 424, 433-34 (1974) (explaining purpose of FYCA); see also id. at 434 n.9 ("The [FYCA] is ordinarily not applied to convicted persons under the age of 18, who are eligible for sentencing under the provisions of the Federal Juvenile Delinquency Act[.]" (citation omitted)).

Thus, because it is evident that the District of Columbia prosecuted Henderson as an adult and sentenced him to more than one year of imprisonment for the robbery, the district court was not required to find that Henderson used or carried a weapon during an act of juvenile delinquency. See Lender, 985 F.2d at 156. Moreover, because Henderson has not challenged the district court's finding that the robbery qualified as a violent felony, nor has he challenged the other two convictions included as predicate offenses, the district court did not err in sentencing him as an armed career criminal.

Accordingly, we deny Henderson's pro se motion to strike the opening brief and to appoint new counsel, and we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately

4

presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED